United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 04-60190
Summary Calendar

————————

KENT METCALF,

Plaintiff-Appellant,

versus

PHILLIP GEORGE, Deputy Sheriff, in his individual and
official capacity; KEITH PARKER, Deputy Sheriff, in his
individual and official capacity; RAY BRAYLOCK, Narcotics
Department, in his individual and official capacity; MONROE
COUNTY SHERIFF DEPARTMENT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:03-CV-676-P
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Kent Metcalf, Mississippi prisoner # T7454, has filed a
motion for leave to proceed on appeal in forma pauperis ("IFP")
following the district court's order dismissing as frivolous
Metcalf's 42 U.S.C. § 1983 civil rights action. By moving for
IFP, Metcalf is challenging the district court's certification
that IFP status should not be granted because the appeal is not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Metcalf's IFP "motion must be directed solely to the trial court's reasons for the certification decision." *Id.*

Metcalf asserts only that the district court was wrong for denying him IFP because he had presented sufficient evidence to support his claims. Although this court liberally construes *pro se* briefs, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court requires arguments to be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Because Metcalf does not provide any analysis of the reasons for the district court's certification decision, he has abandoned the issue on appeal. *See id.*

Metcalf has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Metcalf's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Metcalf is cautioned that the district court's dismissal of his complaint as frivolous and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). If Metcalf accrues three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.